**RICHARD A. SMITH, WSBA 15127**
**SMITH LAW FIRM**
**314 No. Second Street**
**Yakima, WA 98901**
**Telephone: 509-457-5108**

Attorneys for Defendant
Roman Berumen Perez

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
(Hon. Stanley A. Bastian)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ROMAN BERUMEN PEREZ,<br><br>　　　　　　　Defendant. | NO. 1:21-CR-02009-SAB<br><br>OBJECTION TO CONTINUANCE AND MOTION TO SEVER CASE FOR TRIAL<br><br>DATE:　April 6, 2021<br>TIME:　1:30 P.M. |

**TO:** **Clerk,** U.S. District Court, Eastern District of Washington; and
**TO:** **Ian Garriques,** Assistant United States Attorney; and

**COMES NOW** ROMAN BERUMEN PEREZ through his attorney, Richard A. Smith of *Smith Law Firm*, and moves this Court to sever his case from the case of Noe Rubio-Farrias.

This motion is made based upon Federal Rule of Criminal Procedure 14 and the Memorandum of Points and Authorities submitted with this Motion.

OBJECTION TO CONTINUANCE AND MOTION TO
SEVER CASE FOR TRIAL – Page 1

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA 98901
(509) 457-5108

DATED this 30th day of March, 2021.

Presented by: *Smith Law Firm*

/s/ RICHARD A. SMITH
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Perez

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER CASE FOR TRIAL

### I.  PROCEDURAL SUMMARY.

An Indictment [ECF 27] was filed in this case on February 9, 2021, charging Roman Berumen Perez with Count 1 Conspiracy to Distribute 5 Grams or More of Actual (Pure) Methamphetamine and Count 8 Distribution of 5 Grams or More of Actual (Pure) Methamphetamine.

Roman Berumen Perez was arraigned on the Indictment on February 17, 2021 and ordered detained [ECF 44].  On March 25, 2021, co-defendant Noe Rubio-Farrias filed his motion to continue requesting a trial date of September 13, 2021, and a pretrial conference date of September 1, 2021 [ECF 47].

Roman Berumen Perez now requests that his case be severed from his co-defendant and that he be allowed to proceed to trial on April 19, 2021.

### II.  LEGAL ARGUMENT.

Rule 14 of the Federal Rule of Criminal Procedure provides:

> Relief from prejudicial joinder.  If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of the defendants or provide what other relief justice requires.

OBJECTION TO CONTINUANCE AND MOTION TO
SEVER CASE FOR TRIAL – Page 2

SMITH LAW FIRM
314 North Second Street
Yakima, WA  98901
(509) 457-5108

Severance for prejudicial joinder under Rule 14 is discretionary.  See, e.g., *United States v. Lutz*, 621 F.2d 940 (9th Cir. 1980).

If it appears that a defendant is prejudiced by joinder of defendants in an indictment or by joinder for trial together, the court may grant a severance or provide whatever other relief justice requires.  See, e.g., *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *United States v. Lutz*, 621 F.2d 940 (9th Cir. 1980); *United States v. Tousant*, 619 F.2d 810 (9th Cir. 1980).

Roman Berumen Perez submits that his trial should be severed from his co-defendant for the following reason:  The jury is likely to find Roman Berumen Perez guilty by association with the activities and conduct of Noe Rubio-Farrias.

1. <u>The jury may find Roman Berumen Perez guilty by association</u>.

It is extraordinarily difficult for a jury to follow admonishing instructions to keep separate evidence that is relevant only to co-defendants.

> A co-defendant in a conspiracy trial occupies an uneasy seat.  There generally will be evidence of wrong doing by somebody.  It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather flock together.

*Krulewitch v. United States*, 336 U.S. 440, 454 (1949).

Here the above-noted statement is especially true.  The Indictment charges a conspiracy from July 8, 2020 ending on December 8, 2020.  Mr. Berumen Perez allegedly makes one appearance in the charged conspiracy on December 8, 2020.

If the Court requires Mr. Berumen Perez to proceed to trial with his co-defendant, he will be placed in a position of attempting to defend himself against the implications of numerous criminal acts alleged to be committed by his co-defendant.

The fact that the co-defendant needs additional time to September of 2021 simply demonstrates the disparity in evidence.

2. <u>Participation in this conspiracy</u>.

The co-defendant needs additional time because of the volume of discovery most of which is directed at Noe Rubio-Farrias. Mr. Berumen Perez does not need additional time to prepare his case for trial and consequently objects to the continuance.

DATED this 30th day of March, 2021.

Presented by: *Smith Law Firm*

/s/ <u>RICHARD A. SMITH</u>
RICHARD A. SMITH, WSBA 15127
Attorney for Defendant Perez

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on March 30, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Ian Garriques, Assistant United States Attorney.

 /s/ <u>Lugene M. Borba</u>
LUGENE M. BORBA
Legal Assistant to Richard A. Smith

OBJECTION TO CONTINUANCE AND MOTION TO
SEVER CASE FOR TRIAL – Page 4

**SMITH LAW FIRM**
314 North Second Street
Yakima, WA  98901
(509) 457-5108