Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Ian L. Garriques
Assistant U.S. Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROMAN BERUMEN PEREZ,<br><br>    Defendant. | NO. 1:21-CR-2009-SAB-2<br><br>UNITED STATES' RESPONSE TO DEFENDANT ROMAN BERUMEN PEREZ'S OBJECTION TO CONTINUANCE AND MOTION TO SEVER CASE FOR TRIAL |

Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, and Ian L. Garriques, Assistant United States Attorney, hereby responds to defendant Roman Berumen Perez' Objection to Continuance and Motion to Sever Case for Trial. (ECF No. 48). As set forth below, defendant's objection and motion should be denied because, among other things, he is jointly charged with his co-defendant in two of the four counts of the indictment, and his co-defendant needs additional time to prepare for trial.

## **APPLICABLE LAW**

Joinder of charges against multiple defendants is controlled by Federal Rule of Criminal Procedure 8(b). *United States v. Sanchez-Lopez*, 879 F.2d 541 (9th Cir. 1989). The goal of Rule 8(b), which is to be construed liberally in favor of initial joinder, is to maximize trial convenience and efficiency with a minimum of prejudice. *United States v. Kenny*, 645 F.2d 1323, 1344 (9th Cir. 1981); *United States v. Roselli*, 432 F.2d 879, 899

United States' Response to Defendant
Roman Berumen Perez' Objection to
Continuance and Motion to Sever Case for Trial - 1

(9th Cir. 1970).  "Co-defendants jointly charged are, prima facie, to be jointly tried." *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980).  *See United States v. Hernandez*, 952 F.2d 1110, 1114 (9th Cir. 1991) ("Generally speaking, defendants jointly charged are to be jointly tried. This is also the rule in conspiracy cases."); *United States v. Silla*, 555 F.2d 703, 707 (9th Cir. 1977) ("compelling circumstances" generally required to show necessity of separate trial); *United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991).

Each defendant need not have participated in each act or transaction that contributed to the scheme.  *United States v. Melton*, 689 F.2d 679, 684 (7th Cir. 1982); *United States v. Jones*, 425 F.2d 1048, 1057 (9th Cir. 1970). In *Roselli*, the Ninth Circuit stated:

> [I]t is implicit in the language of Rule 8(b) that so long as all defendants participate in a series of acts or transactions constituting an offense or offenses, the offenses and defendants may be joined even though not all defendants participated in every act constituting each joined offense.

432 F.2d at 899.  Here, defendants have been jointly charged with two counts of a four-count indictment, specifically, conspiracy to distribute 5 grams or more of actual methamphetamine (Count 1), and distribution of 5 grams or more of actual methamphetamine (Count 4).  Co-defendant Rubio-Farias faces two additional charges for distribution of 5 grams or more of actual methamphetamine in July and August 2020. Because the defendants faces joint charges of conspiracy and distribution of controlled substances, they should be jointly tried pursuant to Rule 8(b).

The granting or denial of a motion for severance is governed by Federal Rule of Criminal Procedure 14, which provides:

> If the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14.  This rule is illuminated by well-established precedent, which has

United States' Response to Defendant
Roman Berumen Perez' Objection to
Continuance and Motion to Sever Case for Trial - 2

consistently held that joint trials of persons charged with committing the same offenses are the rule rather than the exception and that there is a substantial public interest in the economy resulting from joint trials. *United States v. Brashier*, 548 F.2d 1315, 1324 (9th Cir. 1976); *Parker v. United States*, 404 F.2d 1193, 1196 (9th Cir. 1968).

The Supreme Court has held that severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Thus, in order to justify a severance under Rule 14, the defendant bears a heavy burden of demonstrating "clear, manifest, or undue prejudice." *United States v. Sarkisian*, 197 F.3d 966, 978 (9th Cir. 1999); *see also United States v. Arbelaez*, 719 F.2d 1453, 1460 (9th Cir. 1983). The burden of showing prejudice is a difficult one and the ruling of the trial judge will rarely be disturbed on review. *United States v. Campanale*, 518 F.2d 352, 359 (9th Cir. 1975). The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever. *Brashier*, 548 F.2d at 1323. A mere showing of some prejudice is insufficient to require severance. Almost all joint trials involve some prospect of prejudice; however, such speculative prejudice is insufficient to require severance. As the Ninth Circuit stated in *United States v. McDonald*:

> Some prejudice is necessarily inherent when defendants are joined for trial. However, 'if all that was necessary to avoid a joint trial were a showing of prejudice, there would be few, if any, multiple defendant trials.'

576 F.2d 1350, 1355 (9th Cir. 1975). Rule 14 motions are committed to the sound discretion of the trial court. *United States v. Adams*, 581 F.2d 193, 197 (9th Cir. 1978); *United States v. Kennedy*, 564 F.2d 1329, 1334 (9th Cir. 1977). Therefore, a trial court's denial of a motion to sever will be reversed only in those rare instances where the refusal amounts to an abuse of discretion. *Campanale*, 518 F.2d at 359; *Sitton*, 968 F.2d 947,

United States' Response to Defendant
Roman Berumen Perez' Objection to
Continuance and Motion to Sever Case for Trial - 3

961 (9th Cir. 1992). Measures less drastic than severance, such as limiting instructions, often suffice to cure any risk of prejudice. *Zafiro*, 506 U.S. at 539. Thus, a district court should grant a severance only if a serious risk exists that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Id.* at 534, 538.

## ARGUMENT

### A. Defendant's Motion to Sever Should be Denied Because He Fails to Show that He Will Suffer Undue Prejudice if Tried Jointly with His Co-Defendant

Defendant has failed to show that clear, manifest or undue prejudice will result from a joint trial. Also, no compelling circumstances exist that would warrant separate trials of the defendants. In his motion, defendant claims that a joint trial with the other defendants would result in the jury finding him "guilty by association." However, such a claim falls far short of what a defendant must show to obtain a severance under Rule 14. *See United States v. Adams*, 581 F.2d 193, 198 (9th Cir.), *cert. denied*, 439 U.S. 1006 (1978).

Specifically, defendant claims that the jury would likely find him guilty due to his mere association with his co-defendant, but not for the acts for which he is charged. Defendant also claims that much of the evidence to be presented at trial will not pertain to the charges against him. Nevertheless, such contentions fail to show that defendant will face any clear, manifest or undue prejudice required before the Court may grant severance. Here, defendant is jointly charged with his co-defendant in two of the four counts of the indictment. The fact that his co-defendant is charged with two additional drug distribution counts does not satisfy the high standard for granting severance under Rule 14.

The Ninth Circuit has specifically held that severance should not be granted without a showing of prejudice beyond that which necessarily inheres whenever multiple defendants ... are jointly tried. *Adams*, 581 F.2d at 198. The possibility that defendant

United States' Response to Defendant
Roman Berumen Perez' Objection to
Continuance and Motion to Sever Case for Trial - 4

might face better chances of acquittal at a trial separate from his co-defendant does not warrant a severance. In addition, alleged "guilt by association" will be of little concern at a joint trial, since the jury may be trusted to distinguish the evidence accordingly as to each defendant. *See United States v. Reese*, 2 F.3d 870, 891 (9th Cir. 1993).

At the joint trial of defendants, the "jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir.), cert. denied, 449 U.S. 856 (1980). In addition, appropriate jury instructions given by the Court will safeguard defendants' trial rights and ensure that no undue prejudice results. *See United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir.), cert. denied, 525 U.S. 901 (1998); *Adams*, 581 F.2d at 198.

Due to defendant's failure to show compelling circumstances warranting a severance, the strong interest in judicial economy dictates that all named defendants be tried jointly. The preference for joint trials expedites the "administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once." *Parker v. United States*, 404 F.2d 1193, 1196 (9th Cir. 1968), cert. denied, 394 U.S. 1004 (1969). Judicial economy is best served by single trials, not multiple ones.

Here, defendant has failed to meet the heavy burden of demonstrating "clear, manifest, or undue prejudice" required by Rule 14 for severance. *Sarkisian*, 197 F.3d at 978. Thus, defendant's motion should be denied.

**B. The Speedy Trial Act Allows Time to be Excluded for a Reasonable Period of Delay Necessitated by a Co-Defendant's Need to Prepare for Trial**

The Speedy Trial Act requires that a defendant's trial commence within 70 days of the later of the filing of an indictment or the defendant's first appearance before the court in which the charges are pending. 18 U.S.C. § 3161(c)(1). This rule, however, is

United States' Response to Defendant
Roman Berumen Perez' Objection to
Continuance and Motion to Sever Case for Trial - 5

tempered by the Speedy Trial Act's exclusion of certain time periods from the 70-day calculation. *See* 18 U.S.C. § 3161(h); *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004) ("The Act recognizes, however, that legitimate needs of the government and of a criminal defendant may cause permissible delays.").

Section 3161(h)(6) applies in situations where certain defendants request a continuance, but other defendants joined for trial object. It provides that a court shall exclude a "reasonable" period of delay "when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6); *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) ("Every circuit to consider [section 3161(h)(6)] has concluded that an exclusion to one defendant applies to all co-defendants."). Section 3161(h)(6) also supports the well-recognized rule that "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *see also Daychild*, 357 F.3d at 1090 ("The speedy trial clock starts running after the indictment or arraignment (whichever comes last) of the last defendant.") (citation omitted).

The purpose of section 3161(h)(6) is to promote judicial efficiency through joint trials. *United States v. Salerno*, 108 F.3d 730, 737 (7th Cir. 1997). In *United States v. Varella*, 692 F.2d 1352 (11th Cir. 1982), the Eleventh Circuit summarized the history of section 3161(h)(6):[1]

> [Congress] felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time .... Congress feared that rigid statutory time limits would

---

[1] *Varella* addressed a previous version of the Speedy Trial Act, in which the provision now codified as section 3161(h)(6) was section 3161(h)(7).

United States' Response to Defendant
Roman Berumen Perez' Objection to
Continuance and Motion to Sever Case for Trial - 6

> force courts to disregard the principle of "judicial efficiency"; courts would be forced to grant severances unnecessarily in multi-defendant cases so that a defendant whose case was moving slowly would not hold up the trial of his co-defendants .... Thus, reasonable delay in multi-defendant cases was specifically provided for by 18 U.S.C. § 3161(h)(7). Congress stressed that the purpose of the provision is to make sure that [the Speedy Trial Act] does not alter the present rules on severance of codefendants by forcing the government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under section 3162.

692 F.2d at 1359 (quotations and citations omitted). The only limit imposed by section 3161(h)(6) is a reasonableness requirement. *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999).

Here, defendants were charged in a four-count indictment less than two months ago on February 9, 2021. The government has since produced over 1,000 pages of discovery. Counsel for co-defendant Rubio-Farias has requested additional time "to properly investigate this matter in order to adequately defend Mr. Rubio-Farias" and "to prepare and adequately represent [his] client." Counsel has submitted adequate grounds for continuing trial under the Speedy Trial Act based on the need for defense investigation and effective preparation. Specifically, section 3161(h)(7)(A) of the Act provides that a court must exclude periods of delay "resulting from a continuance granted by any judge... on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* In order for such a period of delay to be properly excluded, "the court must state such findings in the record, either orally or in writing." *United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008) (citations and internal quotation marks omitted); *see also* 18 U.S.C. § 3161(h)(7)(A).

To be sufficient, an "ends of justice" continuance must satisfy two requirements: "(1) the continuance is 'specifically limited in time'; and (2) it is 'justified [on the record] with reference to the facts as of the time the delay is ordered." *United States v. Clymer*,

25 F.3d 824, 828 (9th Cir. 1994) (citations omitted).  The Court may exclude time under the "interests of justice" exception under the factors set forth in 18 U.S.C. §§ 3161(h)(7)(B)(i) - (iv).

Based on co-defendant Rubio-Farias' need to prepare for trial, the Court should grant his request for a continuance and set the matter for a joint trial of both defendants at a reasonable future date.

## CONCLUSION

Based on the foregoing, defendant Roman Berumen Perez's objection and motion to sever should be denied.

DATED:  April 2, 2021                     Respectfully submitted,

Joseph H. Harrington
Acting United States Attorney

By:   /s Ian L. Garriques
Ian L. Garriques
Assistant U.S. Attorney

I hereby certify that on April 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following attorney of record in this case:  Richard A. Smith.

 /s Ian L. Garriques
Ian L. Garriques
Assistant U.S. Attorney

United States' Response to Defendant
Roman Berumen Perez' Objection to
Continuance and Motion to Sever Case for Trial - 8